IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3052-F

| | | |
|---|---|---|
| ARTHUR E. BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNICOR EMPLOYEE HAMILTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Plaintiff's motion to amend his complaint [DE-12], and Defendants' motion to dismiss, or in the alternative for summary judgment ("motion for summary judgment") [DE-17]. For the following reasons, Plaintiff's motion to amend [DE-12] is ALLOWED, although any new claims in his amended complaint are DISMISSED WITHOUT PREJUDICE. Defendants' motion for summary judgment [DE-17] is also ALLOWED, and Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On March 6, 2013, Plaintiff, a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Plaintiff asserts that Defendant Hamilton failed to protect him from another inmate who posed an excessive risk to Plaintiff's safety. Compl. [DE-1], pp. 3-4. Plaintiff also contends that Defendant Henry was deliberately indifferent to his serious medical needs, and that "[t]he doctors of the BOP have refused to exercise adequate care and treatment, all at the direction of

[Defendant] Samuels." Id. at p. 4.[1] The court determined that Plaintiff's complaint survived frivolity review on March 21, 2014 [DE-7]. However, in doing so, the court dismissed Plaintiff's claims against Defendant Samuels. March 21, 2014 Order [DE-7] at 2.

Plaintiff moved to amend his complaint on April 11, 2014 [DE-12], and Defendants filed the instant motion for summary judgment [DE-17] on July 10, 2014. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadlines [DE-20]. Plaintiff failed to respond to the motion for summary judgment, and the time for doing so has expired. Accordingly, these matters are ripe for adjudication.

## II. ANALYSIS

### A. Motion to Amend

Plaintiff has filed a motion to amend his complaint [DE-12]. Under Federal Rule of Civil Procedure 15(a)(1)(B), a Plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). Given this liberal standard, Plaintiff's motion to amend [DE-12] is ALLOWED.

However, the newly raised claims in Plaintiff's amended complaint are now subject to

---

[1] Defendant Samuels is the Director of the Federal Bureau of Prisons ("BOP").

2

frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) (stating that the court "shall dismiss the case at any time if the court determines that—the action . . . is frivolous . . . or fails to state a claim on which relief may be granted."). Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's motion to amend first seeks to correct "a name listed in the instant case, removing the errant name, and substituting the correct one." Mot. [DE-12], p. 1. As noted above, Plaintiff's claims against Defendant Samuels were dismissed as frivolous. March 21, 2014 Order [DE-7] at

3

2. Plaintiff now notes that "[t]he Director of the Bureau of Prisons at the time of the original incident was Harley Lappin, not Charles Samuels." Mot. [DE-12], p. 1. Thus, in his motion to amend Plaintiff seeks to replace any mention of Defendant Samuels with Defendant Lappin. This request misapprehends the basis upon which the court dismissed Plaintiff's claims against the Director of the BOP. In dismissing these claims, the court noted that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." March 21, 2014, Order [DE-DE-7] at 2. Thus, these claims were not dismissed because Plaintiff had misidentified the Director, but rather because Plaintiff had failed to allege any misconduct for which the Director was liable. Accordingly, Plaintiff's claims against the Director of the BOP remain frivolous and shall be DISMISSED WITHOUT PREJUDICE.

Moreover, Plaintiff also describes incidents that occurred after the filing of the original complaint. See, e.g., Am. Compl. [DE-13-2], p. 4 (describing actions occurring on March 26, 2013). The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before

4

exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Because these amended claims arose after the filing of the original complaint, Plaintiff could not have exhausted his administrative remedies for these claims prior to the filing of this action. See Porter, 534 U.S. at 524; Booth, 532 U.S. at 741; see also Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam). Therefore, these newly raised claims shall be DISMISSED WITHOUT PREJUDICE.

Finally, Plaintiff concedes on the face of his amended complaint that the allegations contained therein involve "a separate issue NOT related to th[e] matter[s]" alleged in his original complaint. Am. Compl. [DE-13], p. 1. In raising these unrelated claims, Plaintiff's amended complaint adds four previously unnamed defendants. Id. at pp. 2-3. Thus, the amended complaint violates the tenets of Rule 20 of the Federal Rules of Civil Procedure. Rule 20 places limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir.1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). However, "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F.Supp.2d 208, 218 (E.D.Va.2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D.Va. Oct. 21, 2007)). "A court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in

5

prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n. 5 (4th Cir.2007)); see El v. Clarke, No. 3:12CV402, 2014 WL 2611336, at *2 (E.D. Va. June 11, 2014). Moreover, "[t]he Court's obligations under the PLRA include review for compliance with Rule 20(a)." Coles v. McNeely, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." Id. (citing 28 U.S.C. § 1915(g); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D.Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face off the letter and spirit of the PLRA.")). Here, Plaintiff concedes that he seeks to litigate unrelated claims against several different defendants, and these unrelated claims shall therefore be DISMISSED WITHOUT PREJUDICE.

In sum, Plaintiff's motion to amend his complaint [DE-12] is ALLOWED. However, for the reasons discussed above, any new claim or new defendant named in the amended complaint is DISMISSED WITHOUT PREJUDICE. The undersigned shall now analyze Defendants' motion for summary judgment with regard to Plaintiff's original claims.

**B. Motion for Summary Judgment**

As noted above, Defendants have filed a motion to dismiss or in the alternative for summary judgment. They have submitted materials beyond the pleadings in support of that motion. When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on

6

notice that conversion under Rule 12(d) of the Federal Rules of Civil Procedure may occur; the court "'does not have an obligation to notify parties of the obvious.'" Sager v. Hous. Comm'n of Anne Arundel Cnty., 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998)). Therefore, Defendants' motion shall be treated as a motion for summary judgment. See Tsai v. Maryland Aviation, 306 F. App'x 1, 4-5 (4th Cir. 2008) (unpublished decision) (citing Laughlin, 149 F.3d at 260-61 (4th Cir. 2003)). Plaintiff has been notified about the motion for summary judgment and the consequences of failing to respond. [DE-20].

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing that there is a *genuine issue for trial.*" Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted). To demonstrate that there is a genuine issue of material fact, a plaintiff may not simply proffer "'the mere existence of *some* alleged factual dispute between the parties[.]'" Young v. United Parcel Service, Inc., 707 F.3d 437, 443 (4th Cir. 2013) (quoting Anderson, 477 U.S. at 247)).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-250 (citations omitted). "Conclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Likewise, a court should not find the existence of a genuine issue of material fact based upon the uncorroborated and self-serving testimony or assertions of a party. See Harris v. Home Sales Co., 2012 WL 6217613, at *8 (4th Cir. Dec. 14, 2012) (unpublished decision) (citing Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004)).

As an initial matter, the court notes that Plaintiff did not respond to the instant motion for summary judgment. Plaintiff was also advised in a Roseboro notice that if he did not respond to the instant motion for summary judgment, "the court may grant the motion and enter summary judgment against [him]." [DE-20]. Plaintiff was so advised because, to show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (noting that Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir.1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir.1993).

Regardless, Defendants argue that Plaintiff has failed to exhaust his available administrative

8

remedies. As noted above, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 675 (4th Cir.2005). Rather, a defendant must plead and prove the failure to exhaust. See id. at 676. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 205.

The BOP provides a four-step administrative remedy procedure. See Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (unpublished decision). The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the regional response, he may file an appeal with the National Appeals Administrator at the BOP's Central Office, in Washington, D.C. 28 C.F.R. §§ 542.13-15. The Central Office appeal is the final level of administrative review in the BOP's administrative remedy process. Id. If an inmate's submission is rejected, then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17. An inmate must complete all stages of the administrative remedy process before the process is considered properly exhausted. Woodford, 548 U.S. at 90-91; Wright

v. Morris, 111 F.3d 414, 417 n.3 (6th Cir. 1997). Likewise, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90. Finally, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him are no longer available. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff has not exhausted his administrative remedies. Defendants allege that Plaintiff's "administrative remedy requests were rejected at all levels based upon his failure to comply with the Administrative Remedy Program procedures." Coll Aff. [DE-19] ¶ 6. Since he was last given notice of the defects in his administrative remedy requests, Plaintiff "has not filed any additional administrative remedy requests related to [the instant claims]." Id. Finally, by failing to respond to the instant motion, Plaintiff has failed come forward with specific facts showing that there is a genuine issue for trial. Therefore, Defendants are entitled to summary judgment.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff's motion to amend [DE-12] is ALLOWED, although any new claims in his amended complaint are DISMISSED WITHOUT PREJUDICE. Defendants' motion for summary judgment [DE-17] is also ALLOWED, and Plaintiff's remaining claims against Defendants Hamilton and Henry are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 22 day of December, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge